UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC f/k/a<br>Bow Tie Management LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11388 |
| In re:<br>BTC Schenectady, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11389 |
| In re:<br>BTC Theater Management, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11390 |
| In re:<br>Scene One Entertainment Parks, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11391 |
| In re:<br>Scene One Gilford, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11392 |
| In re:<br>Scene One Greenville, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11393 |
| In re:<br>Scene One Market Arcade, LLC d/b/a<br>Scene One Market Arcade Cinemas,<br><br>Debtor. | Chapter 11<br>Case No. 26-11394 |
| In re:<br>Scene One New Canaan, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11395 |

| | |
|---|---|
| In re:<br>Scene One Spectrum, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11396 |
| In re:<br>Scene One Wilton, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11397 |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN ORDER DIRECTING THE SUBSTANTIVE CONSOLIDATION, OR IN THE ALTERNATIVE JOINT ADMINISTRATION, OF THEIR CHAPTER 11 CASES**

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby move the court (this "Motion") for entry of an order directing the substantive consolidation, or alternative joint administration, of the Debtors' Chapter 11 cases (the "Chapter 11 Cases") for procedural purposes (the "Motion"). In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.' This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory and rule-based predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (11 U.S.C. §§ 101 et al., the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### The Chapter 11 Cases

3. On November 22, 2026 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their properties and are operating and managing their businesses, as debtors-in-possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

### The Debtors' Businesses

4. The history and background of Debtors' Businesses is more fully discussed in *The Declaration of Joseph Masher in Support of First Day Relief and Petition* and is incorporated herein by reference.

## RELIEF REQUESTED

5. Pursuant to Rule 1015(b) of the Bankruptcy Rules, the Debtors hereby seek the entry of an order directing: (a) the substantive consolidation, or alternatively joint administration, of the Debtors' Chapter 11 Cases; and (b) parties in interest to use a consolidated caption, including the footnote at the bottom of the page (the "Proposed Caption"), as follows:

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, *et al*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Jointly Administered<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397<br>Case No. 26-11398 |

[1] [1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

The Debtors submit that the use of this simplified Proposed Caption will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

6. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each Chapter 11 Case to reflect the joint administration of these Chapter 11 Cases:

> "An order pursuant to Federal Rule of Bankruptcy Procedure 1015(b) has been entered in this case directing the joint administration of the chapter 11 cases of Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (Case No. 26-11388), BTC Schenectady, LLC (Case No. 26-11389), BTC Theater Management, LLC (Case No. 26-11390), Scene One Entertainment Parks, LLC (Case No. 26-11391), Scene One Gilford, LLC (Case No. 26-11392), Scene One Greenville, LLC (Case No. 26-11393),

> Scene One Market Arcade, LLC d/b/a Scene One Market Arcade Cinemas (Case No. 26-11394), Scene One New Canaan, LLC (Case No. 26-11395), Scene One Spectrum, LLC (Case No. 26-11396),and Scene One Wilton, LLC (Case No. 26-11397). The case of Scene One Entertainment, LLC f/k/a Bow Tie Management LLC has been designated the "Main Case"; accordingly, the docket in Case No. 26-11388 should be consulted for all matters affecting the chapter 11 case of this debtor."

7. The Debtors request that the Court: (a) find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code in all respects; (b) authorize the Debtors to utilize a combined service list for the substantively consolidated or jointly administered cases; and (c) authorize combined notices be sent to creditors of the Debtors' estates and other parties in interest, as applicable, subject to further order of the Court that may be entered reducing notice requirements.

8. The substantive consolidation of the Chapter 11 cases will permit the Clerk of the Court to use a single general docket for the consolidated proceeding, will treat the principal debtor, Scene One, and all subsidiaries as if they were one for purposes of distribution in bankruptcy, allow for the satisfaction of claims against any debtor to be satisfied from the shared and consolidated pool of funds from all Debtors, and generally simplify the case and treat the Debtors as though they were merged to a single entity which the Court could administer and all valid and interested creditors could collect and deal with.

9. Substantive consolidation will save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to: (a) use a single, consolidated case for all Chapter 11 purposes as though there was only one Debtor in the proceeding; and (b) file pleadings in one case rather than in multiple cases. Substanative consolidation will also protect parties in interest by ensuring that parties in each of the

Debtor's respective Chapter 11 Case will be apprised of the various matters before the Court in these cases.

10. Overall, the decision of such substantive consolidation would be of significant judicial efficiency and would treat the Debtors similar to how the business operates in reality outside of this Court and proceeding.

11. In the alternative, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous notices, applications, and other pleadings, hearings and orders in these cases will affect both Debtors.

12. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting parties in interest to: (a) use a single caption on all documents that will be served and files in the Chapter 11 Cases; and (b) file pleadings in one case rather than in multiple cases.

**BASIS FOR RELIEF**

13. Substantive consolidation "is an equitable doctrine that 'permits a Court in a bankruptcy case involving one or more related corporate entities, in appropriate circumstances, to disregard the separate identity of corporate entities, and to consolidate and pool their assets and liabilities and treat them as though held and incurred by one entity.'" In re Extended Stay, Inc., 2020 Bankr. LEXIS 2128 at *138 (Bankr. S.D.N.Y. 2020); citing In re Drexel Lambert Grp., Inc., 138 B.R. 723, 764 (Bankr. S.D.N.Y. 1992).

14. Courts consider the following factors in determining whether to approve

substantive consolidation:

a. whether creditors dealt with the entities as a single economic unit and "did not rely on their separate identity in extending credit,"; or

b. whether the affairs of the debtors are so entangled that consolidation will benefit all creditors.

Id at *139-140; citing In re Augie/Restivo Baking Co., 860 F.2d 515, 518 (2d Cir. 1988)

15. "The satisfaction of either prong will support a request for substantive consolidation." Id at *140; citing Official Comm. of Unsecured Creditors v. Am. Tower Corp. (In re Verestar, Inc.), 343 B.R. 444, 463 (Bankr. S.D.N.Y. 2006) ("The Second Circuit set forth these tests in the disjunctive and the presence of either may justify an order of substantive consolidation."); see also In re 599 Consumer Elecs., Inc., 195 B.R. 244, 248 (S.D.N.Y. 1996) ("Conceivably, substantive consolidation could be warranted on either ground; the Second Circuit's use of the conjunction 'or' suggests that the two cited factors are alternatively sufficient criteria.")

16. In the instant case of the Debtors:

a. All creditors directly coordinated with the Managing Member, Joe Masher, who oversaw finances, licenses, contracts, was the signing authority on all agreements, and whose intent directs the movement of the Debtors. While creditors may have a contract or separate agreement with each of the Debtors individually, each contract was signed with the intention that similar contracts would be replicated and duplicative of counterparts agreed to and entered with each other Debtor. All creditors understood and knew that when they would

deal with one creditor, such as New Canaan, Parks, or BTC Schenectady, they were actually doing business with a subsidiary of the principal Scene One under the coordination of the managing member, Joe Masher. Therefore, this prong has been met.

b. The affairs, assets, plannings, monies, and even debts of each of the Debtors are shared and tracked as a singular entity by the administrative members of the Debtors such that the proposed Budget does not distinguish between the separate entities. The Debtors have always, and will continue to, acted as one piece of a greater whole which cannot be undone. Such consolidated and shared funds represent amounts that the creditors would seek to be paid from and which would be better served and simplified through the consolidation of all assets into a single pool to oversee and disburse from. The creditors would not be prejudiced by such consolidation as their amounts are unchanging and the larger pool of funds would allow for amounts to be paid *pro rata* in greater sums through the life of the Plan.

17. As previously stated, only one of the prongs need be met to warrant the Court leave to substantively consolidate the Debtors into a singular Debtor for the life of the Chapter 11.

18. As has been shown, both such prongs have been met by the Debtor.

19. Therefore, this Court should substantively consolidate the filed cases of the Debtors into a singular case for the remainder of the proceeding for the judicially efficiency of notices and filings, greater pool of funds for the creditors to be disbursed from, and simplicity in administration for the Debtors.

20. In the alternative, Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." *Fed. R. Bankr. P. 1015(b)*. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

21. As set forth herein, the joint administration of the Debtors' Chapter 11 Cases will avoid the need for duplicative notices, motions, applications and orders, thereby saving time and expense that otherwise would be required to administer individual cases. Further, the entry of an order of joint administration will: (a) reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of multiple Chapter 11 cases. Joint administration will enable parties in interest in each of the Chapter 11 Cases to be apprised of the various matters before the Court in all of these cases.

22. Joint administration will further simplify supervision of the administrative aspects of these Chapter 11 Cases by the office of the United States Trustee for the Northern District of New York.

23. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor...such notice shall contain the name, address, the last four digits of the taxpayer identification number of the debtor." When used in notices, the Proposed Caption incorporates all of the required information by reference, and therefore complies with the terms of section 342(c) of the Bankruptcy Code.

## NOTICE AND NO PRIOR RELIEF SOUGHT

24. Notice of this Motion has been or will be given to: (i) the Office of the United States Trustee for the Northern District of New York; (ii) the creditors holding the 20 largest unsecured claims against each Debtor's estate; and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no further notice is required.

25. No previous application for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) directing the substantive consolidation of the Debtors' cases; (ii) alternatively, directing the joint administration of Debtors' cases; and (iii) granting such other and further relief as is just and proper.

Dated: November 22, 2026

BOYLE LEGAL, LLC

By:/s/Michael L. Boyle
Michael L. Boyle
*Proposed Attorney for Debtors and Debtors-in-Possession*
64 2nd Street
Troy, New York 12180
mike@boylebankruptcy.com
518-407-3121

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC f/k/a<br>Bow Tie Management LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11388 |
| In re:<br>BTC Schenectady, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11389 |
| In re:<br>BTC Theater Management, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11390 |
| In re:<br>Scene One Entertainment Parks, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11391 |
| In re:<br>Scene One Gilford, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 26-11392 |

| | |
|---|---|
| In re:<br>Scene One Greenville, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11393 |
| In re:<br>Scene One Market Arcade, LLC d/b/a<br>Scene One Market Arcade Cinemas,<br>Debtor. | Chapter 11<br>Case No. 26-11394 |
| In re:<br>Scene One New Canaan, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11395 |
| In re:<br>Scene One Spectrum, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11396 |
| In re:<br>Scene One Wilton, LLC,<br>Debtor. | Chapter 11<br>Case No. 26-11397 |

**ORDER DIRECTING THE SUBSTANTIVE CONSOLIDATION OF THE CHAPTER 11 CASES**

Upon the Motion of Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), for entry of an

order directing joint administration of the Debtors' chapter 11 cases (the "Chapter 11 Cases") for procedural purposes; and a hearing held on November ___, 2026; and the Court finding that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and (d) due and proper notice of the Motion was given and it appearing that no other of further notice need be provided; and upon the record herein and after due deliberation and cause appearing thereof; it is hereby:

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the above referenced Chapter 11 Cases are hereby substantively consolidated by the Court; and it is further

ORDERED that the Chapter 11 case of Scene One (Case No.26-11388) shall be deemed the principal docket and that all other Debtors herein shall be consolidated under and into such case for the administration of the Chapter 11, the consideration assets, the process of the Plan Confirmation, any adversarial actions under an adversary proceeding, as well as all other such considerations of this proceeding; and it is further

ORDERED that the caption of the substantively consolidated cases shall read as follows (footnote included):

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Jointly Administered<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397<br>Case No. 26-11398 |

[1] [1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

ORDERED that the Debtors are authorized to utilize a combined service list for the substantively consolidated cases, and combined notices may be sent to creditors of the Debtors' estate and other parties in interest, as applicable, subject to further order of the Court; and it is further

ORDERED that LBR 1015-l(d) requiring Debtor to submit a supplemental certified mailing matrix containing only those parties not previously included on the mailing matrix filed in the "Main Case" is hereby waived; and it is further

ORDERED that the terms and conditions of this Order are effective and enforceable immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###