UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Scene One Entertainment, LLC, f/k/a<br>Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration<br>Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

**MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) FOR INTERIM AND FINAL ORDERS TO (A) PAY PRE-PETITION COMPENSATION; (B) MAINTAIN EXISTING PAYROLL SERVICE; AND (C) AUTHORIZE AND DIRECT FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CERTAIN CHECKS AND TRANSFERS**

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through their proposed counsel, Boyle Legal, LLC, Michael L. Boyle, respectfully move this Court (this "Motion"), for the entry of interim and final orders, substantially in the form of the proposed orders attached hereto as Exhibits "A" and "B", respectively, (a) Authorizing Debtor to pay pre-petition compensation; (b) maintain existing payroll service; and (c) Authorizing and directing financial institutions to honor and process certain checks and transfers, pursuant to 11 U.S.C. §§ 105(a) and 363(b). In support of this Motion, the Debtors respectfully represent as follows:

**BACKGROUND**

1) On November 22, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief with the Court under Subchapter V of Chapter 11 of the Bankruptcy Code.

2) The Debtors continue to operate their businesses and manage their properties as Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3) The Debtors have filed a motion requesting joint administration and substantial consolidation of these Chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and 11 U.S.C. § 105 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4) No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no committees have been appointed or designated.

5) The Debtors are Limited Liability Companies organized under the laws of the State of New York and Delaware and maintain a shared principal office at 400 State Street, Schenectady, NY, 12305.

6) Debtors operate as a historic American movie theater chain with locations in New York, Connecticut, and Colorado. Specifically, Debtors represent the oldest movie theater chain in the United States following the original foundation by Benjamin S. Moss in 1900 and remains one of the largest privately held movie theater businesses in the United States.

7) The factual background relating to the Debtor's commencement of this Chapter 11 Cases is set forth in detail in the *Declaration of Joseph Masher In Support of First Day Relief and Petition* filed on the Petition Date and incorporated herein by reference.

8) The filing was precipitated following agreements with, and obligations owed to, numerous merchant cash advance agencies. While the Debtors attempted to settle, consolidate, and satisfy their debts outside this Court through the employment of a debt consolidation legal firm, Debtors were unable to maintain the exorbitant payments demanded. Upon the ceasing of business relations with this debt consolidation firm, the entity immediately notified all creditors of the Debtors and informed them that they may resume collection activities without any resolution, settlement, or true assistance rendered. To now protect against such creditors, reorganize their debt, and ensure future feasibility and profitability following the satisfaction of existing valid and interested creditors, the Debtors filed this instant Chapter 11.

9) Debtors' proposed counsel is Boyle Legal, LLC, Michael L. Boyle (partner).

10) The information contained herein is based on attorney Boyle's direct knowledge based on review of the Debtor's financial records and conversations and communications with Debtor's sole and managing member, Joseph Masher.

**JURISDICTION AND VENUE**

11) The Debtors are debtors and debtors-in-possession pursuant to 11 U.S.C. §1107

and 1108. This Court has jurisdiction over the Debtors pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §1408.

## RELIEF REQUESTED

### I. REQUEST FOR AN ORDER TO (A) PAY PRE-PETITION COMPENSATION

12) In the ordinary course of its business, the Debtors incur payroll and various other obligations to its employees for the performance of services. The Debtors currently have approximately one hundred and forty (140) employees (collectively, "Employees"), including Joseph Masher, Debtor's managing member, paid in a blend of salary and hourly rates, depending on the employee.

13) The employees of the Debtors are as follows:

- a) Corporate Management
    - i) Salary
    - ii) Three (3) Employees, including Joseph Masher
        - (1) Joseph Masher is not paid in a salary paystub, but instead a monthly disbursement of $15,000.00, when able.
- b) Theater Managers and Assistant Managers
    - i) Salary[2]
    - ii) Fourteen (14) Employees
- c) Location Staff and Crew
    - i) Hourly Based Payment
    - ii) One hundred and twenty three (123) Employees

14) Pursuant to this motion, the Debtors request authority to pay certain pre-petition and ongoing post-petition obligations to the Employees, as described below.

#### A. Pre-Petition Compensation

15) The Debtor pays its employees on a bi-weekly basis, one week in arrears. For example, for the period ending June 18, 2026, the Employees would be paid, in the ordinary

---

[2] Most of Debtors' Assistant Managers are paid hourly, there are approximately six assistant managers that are paid salary.

course on June 26, 2026.

16) The Debtors' bi-weekly payroll average varies based on staffing expectation, hours allotted based on forecast traffic, and number of employees, and payment rate, employed.

17) The Debtor has incurred costs and obligations with respect to the Employees that remain unpaid as of the Filing Date because they accrued, either in whole or in part, prior to the Filing Date.

18) The Debtors currently owe their Employees for work performed during the period of November 5 through November 19, which would be payable in the ordinary course on November 27, 2026. The total pre- bi-weekly gross wages for the entire period is approximately $85,000.00 for the employees, and are payable after, the Filing Date.

19) It is critical that Debtors be able to maintain their payroll obligations to their Employees. Debtors' operations are competitive with larger film distributors and theaters in the state, requiring full staffing to avoid loss of revenue and obligations toward concerning film distribution contracts. The potential loss of Employees through nonpayment could threaten the feasibility of Debtors' business operations and this Proceeding as a whole.

20) None of the Employees are owed in excess of the prioritized debt limit.

21) Allowing Debtors to pay pre-petition wage claims as an ongoing concern would go far to assuage any concerns of Employees as to the Debtors' ability to satisfy its payroll operations post-petition.

22) Debtors currently rely on their Employees and same are critical to the successful ongoing business operations of Debtors.

23) Debtors believes they have, or will have, sufficient cash on hand in order to maintain their ongoing obligations to Employees, assuming Debtors' first day Motions

concerning cash collateral and turnover are granted.

## II. REQUEST TO MAINTAIN EXISTING PAYROLL SERVICE

24) In the ordinary course of their business, the Debtors utilizes Payroll Dynamics, Inc. (the "Payroll Service") to maintain their payroll accounting for payment of wages to Employees, as well as payment of employer payroll taxes and employee withholding for income, Social Security, and federal unemployment taxes.

25) It is respectfully submitted that it is in the best interests of the Debtors, their estates, Employees, and the taxing authorities for entry of an order permitting the Debtors to maintain the existing Payroll Service. The Debtors' post-petition obligations include remaining current with respect to payroll obligations to employees and payment of post-petition taxes as they accrue. The Payroll Service is familiar with the Debtors' payroll system and obligations, and its continued involvement will ensure that the Debtors' post-petition payroll obligations continue to be met.

26) It is further respectfully submitted that the fees charged by the Payroll Service are reasonable and ordinary expenses incurred in the ordinary course of the Debtors' business. Accordingly, it is respectfully requested that the Court include in its Order on the Motion, authority for the Debtors to pay, but not direct to pay, those fees and expenses incurred to the Payroll Service in the ordinary course of the Debtors' business and without the need for further Orders from this Court. Notwithstanding the foregoing, the Debtors and their accountants recognize that fees incurred to accountants for accounting services separate and apart from the Payroll Service remain subject to application, to and order by, this Court prior to payment.

27) Consistent with the foregoing, the Debtors request an order authorizing and directing the financial institutions at which the Debtors maintain bank accounts to honor and pay

all checks in payment of Pre-Petition Compensation and all post-petition checks designated as debtor-in-possession checks.

28) As a result of the commencement of the Chapter 11 cases, and in the absence of an order of the Court providing otherwise, the Debtors' checks, wire transfers, and direct deposit transfers in respect of the Pre-Petition Compensation may be dishonored or rejected by the Debtors' financial institutions.

29) The Debtors represent that funds for each of these checks or transfers is, or will be, drawn on the Debtors' payroll accounts and can be readily identified as relating directly to payment of the Pre-Petition Compensation transferred to the Debtors' payroll service.

30) Authorization of the payment of the Pre-Petition Compensation is not intended by the Debtors to constitute post-petition assumptions or adoptions of any policy, plans, programs, or employment agreements pursuant to § 365 of the Bankruptcy Code.

## BANKRUPTCY RULE 6003 IS SATISFIED

31) Bankruptcy Rule 6003 provides that a bankruptcy court may approve a motion to "use, sell, [or] lease" property of the estate, or to "pay all or part of a claim that arose before the filing of the petition," prior to twenty-one (21) days after the filing of the petition, "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.

32) Immediate and irreparable harm exists where, as is the case here, the absence of relief would impair Debtors' ability to reorganize or threaten the Debtors' future as a going concern. See In re Ames Dep't. Stores, Inc., 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in the context of Bankruptcy Rule 4001).

33) The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors, as described herein and to the extent that denial of the requested relief would immediately and negatively impact the Debtors' day-to-day operations, and that cause exists under Bankruptcy Rule 6003 for the Court to grant immediate relief.

**WAIVER OF NOTICE AND STAY REQUIREMENTS**

34) To implement the foregoing successfully, the Debtors seek a waiver of notice requirements under Bankruptcy Rule 6004(a) and any stay of an order granting the relief requested herein pursuant to Bankruptcy Rules 6004(h), 7062, 9014 or otherwise.

**RESERVATION OF RIGHTS**

35) Nothing contained in this Motion is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtors; (b) impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estate to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors; (c) impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estate with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code; and (e) create any rights in favor of, or enhance the status or nature of, any claim held by any person.

36) Authorization to pay the claims described in this Motion should not be deemed a direction to the Debtors to pay such claims; rather, the Debtors will make any such payments in their discretion. In addition, any payment made pursuant to an order of the Court granting the relief requested in this Motion is not intended to be, and should not be construed as, an admission to the validity of any claim or a waiver of any of the Debtors' rights to subsequently

dispute such claim, and the Debtors expressly reserve their rights with respect thereto.

**NOTICE**

37) Notice of this Motion will be given pursuant to the Order Shortening Time and Setting First Day Hearings issued by this Court after the filing of the Petition herein.

**NO PRIOR REQUEST**

38) The Debtors have not previously sought the relief requested herein from this or any other court.

**WHEREFORE,** the Debtors respectfully pray for the entry of interim and final orders, substantially in the form of the proposed orders attached hereto as Exhibits A and B, and granting such other and further relief as may be just and proper.

**Dated:** November 22, 2026
Albany, New York

**BOYLE LEGAL, LLC**

By: /s/Michael L. Boyle

Michael L. Boyle
*Proposed Attorneys for Debtor-in-Possession*
64 2nd Street
Troy, NY 12180
518-407-3121
mike@boylebankruptcy.com

# EXHIBIT A

Proposed Interim Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Scene One Entertainment, LLC, *et al,*[3] | Case No. 26- |
| | Lead Case |
| | Joint Administration Being Requested |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| Debtors. | |

[3]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Scene One Entertainment, LLC (9730); BTC Schenectady, LLC (8547); BTC Theater Management LLC (7543); Scene One Entertainment Parks, LLC (7786); Scene One Gilford LLC (9730)*; Scene One Greenville LLC (2654); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830); Scene One New Canaan, LLC (3947); Scene One Spectrum, LLC (1526); and Scene One Wilton, LLC (3876).

*Upon information and belief, Scene One Gilford operated for approximately 2-years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford LLC.

**INTERIM ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §105(a) AND 363(b) FOR INTERIM AND FINAL ORDERS TO (A) PAY PRE-PETITION COMPENSATION; (B) CONTINUE REIMBURSEMENT PROGRAMS; (C) CONTINUE EMPLOYEE BENEFIT PLANS; (D) MAINTAIN EXISTING PAYROLL SERVICE; AND (E) AUTHORIZE AND DIRECT FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CERTAIN CHECKS AND TRANSFERS**

**UPON** the motion of the above-named Debtors and Debtors-in-Possession, (collectively, the "Debtors") praying for an order pursuant for 11 U.S.C. §105(a) and 363(b) for entry of interim and final orders to (A) pay pre-petition compensation; (B) maintain existing payroll service; and (C) authorize and direct financial institutions to honor and process certain checks and transfers; and

**UPON** the Court having considered the Debtors' application and having determined that the requested relief is necessary for the maintenance of the Debtors' on-going operations and is beneficial to the administration of the Debtors' estate;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, prepetition amounts outstanding with respect to Pre-Petition Compensation in the amount of approximately $85,000.00.

3. The Debtors are authorized, but not directed, to continue to collect, allocate, and distribute in accordance with the Debtors' policies and prepetition practices, and to pay prepetition amounts which may be owed with respect to certain withholdings, including deductions and payroll taxes.

4. The Debtors are authorized to continue to utilize Payroll Dynamics to provide payroll processing services on the Debtors' behalf, including payment of wages and withholding

and remittance of the employer's and employees' respective withholding, any payroll tax obligations, and to pay all fees associated with the Payroll Services.

5. All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay any and all checks or fund transfer requests evidencing amounts paid by the Debtors under this Order or any other order of this Court whether presented prior to or after the Filing Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfers are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6. Notwithstanding the relief granted herein and any actions take hereunder, nothing contained in the Motion or this Interim Order, or any payment made pursuant hereto, shall constitute, nor is it intended to constitute, a finding of the Court or an admission by the Debtors as to the validity, priority, or amount of any claim against the Debtors, a waiver of the Debtors' right to subsequently dispute such claim, or an assumption or an authorization to assume under § 365 of the Bankruptcy Code any executory contract or agreement, including, but not limited to, any benefit plans, employment agreements, or severance agreements to which the Debtors are a party.

7. The requirements set forth in Local Rule 9013-5(a) are satisfied.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court. Any subsequent modification or vacatur of this

Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

11. Pursuant to Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. A final hearing on the Motion (the "Final Hearing") shall be held on December 17, 2026 at 10:30 a.m. (prevailing Eastern time). Any objections or responses to the Motion shall be filed and served as required by the Local Rules of Bankruptcy Procedure for the Northern District of New York on or before on November 25, 2026. This Interim Order, and all acts taken in furtherance of or reliance upon this Interim Order, shall be effective notwithstanding the filing of an objection. In the event no objections or responses are timely filed and served in accordance with the foregoing, the Court may enter a final order granting the relief requested in the Motion without holding a Final Hearing.

13. The Debtors are hereby authorized to take all actions they determines are necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

14. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

# EXHIBIT B

Proposed Final Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Scene One Entertainment, LLC, *et al,*[4] | Case No. 26- |
| | Lead Case |
| | Joint Administration Being Requested |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| | Case No. 26- |
| Debtors. | |

**FINAL ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §105(a) AND 363(b) FOR INTERIM AND FINAL ORDERS TO (A) PAY PRE-PETITION**

[4]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Scene One Entertainment, LLC (9730); BTC Schenectady, LLC (8547); BTC Theater Management LLC (7543); Scene One Entertainment Parks, LLC (7786); Scene One Gilford LLC (9730)*; Scene One Greenville LLC (2654); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830); Scene One New Canaan, LLC (3947); Scene One Spectrum, LLC (1526); and Scene One Wilton, LLC (3876).

*Upon information and belief, Scene One Gilford operated for approximately 2-years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford LLC.

**COMPENSATION; (B) CONTINUE REIMBURSEMENT PROGRAMS; (C) CONTINUE EMPLOYEE BENEFIT PLANS; (D) MAINTAIN EXISTING PAYROLL SERVICE; AND (E) AUTHORIZE AND DIRECT FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CERTAIN CHECKS AND TRANSFERS**

**UPON** the motion of the above-named Debtors and Debtors-in-Possession, (collectively, the "Debtors") praying for an order pursuant for 11 U.S.C. §§ 105(a) and 363(b) for entry of interim and final orders to (A) pay pre-petition compensation; (B) maintain existing payroll service; and (C) authorize and direct financial institutions to honor and process certain checks and transfers; and

**UPON** the Court having granted the relief requested in the Motion on an interim basis with an interim order having been entered on [_________], 2026;

**UPON** the Court having considered the Debtors' application and having determined that the requested relief in the Motion on a final basis is necessary for the maintenance of the Debtors' on-going operations and is beneficial to the administration of the Debtors' estates;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to honor and pay, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and in the Debtors' sole discretion, prepetition amounts outstanding with respect to Pre-Petition Compensation in the amount of approximately $85,000.00.

3. The Debtors are authorized, but not directed, to continue to collect, allocate and distribute in accordance with the Debtors' policies and prepetition practices, and to pay prepetition amounts which may be owed with respect to, certain withholdings, including deductions and payroll taxes.

4. The Debtors are authorized to continue to utilize Payroll Dynamics to provide payroll processing services on the Debtors' behalf including payment of wages, and withholding and remittance of the employer's and employees' respective withholding any payroll tax obligations.

5. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all checks or fund transfer requests evidencing amounts paid by the Debtors under this Order or any other order of this Court whether presented prior to or after the Filing Date to the extent the Debtors have good funds standing to their credit with such bank or other financial institution. Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks or fund transfers are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6. Notwithstanding the relief granted herein and any actions take hereunder, nothing contained in the Motion or this Order, or any payment made pursuant hereto, shall constitute, nor is it intended to constitute, a finding of the Court or an admission by the Debtors as to the validity, priority, or amount of any claim against the Debtors, a waiver of the Debtors' right to subsequently dispute such claim or an assumption or an authorization to assume under § 365 of the Bankruptcy Code any executory contract or agreement, including, but not limited to, any benefit plans, employment agreements, or severance agreements to which the Debtors are a party.

7. The requirements set forth in Local Rule 9013-5(a) are satisfied.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

9. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Motion or this Order, this Order shall remain in effect until further order of this Court. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

11. Pursuant to Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are hereby authorized to take all actions they determine are necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###