UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 105, 365(a), AND 554(a) OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

Debtors and Debtors-in-Possession (collectively, the “Debtors”), hereby move this Court (the "Motion"), through proposed counsel, Boyle Legal, LLC, for entry of interim and final orders pursuant to sections 105, 365(a), and 554(a) of the bankruptcy code to establish procedures for the rejection of executory contracts and unexpired leases of certain business assets. In support of this Motion, the Debtors respectfully state as follows:

## Background

1. On November 22, 2026 (the “Petition Date”), the Debtors commenced with the Bankruptcy Court a voluntary case pursuant to Chapter 11 of Title 11 of the United States Code (the “Bankruptcy Code”).

2. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request for a trustee or examiner has been made in this Chapter 11 Case, and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

4. In support hereof, the Debtors rely upon the *Declaration of Joseph Masher in Support of First Day Relief and Petition*.

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Joseph Masher in Support of First Day Relief and Petition*, which is incorporated herein in its entirety.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief requested herein are sections 105(a), 365(a)

and 554 of title 11 of the United States Code (the "Bankruptcy Code").

**Relief Requested**

9. As of the Petition Date, the Debtors are a party to dozens of unexpired leases and executory contracts (the “Agreements”).

10. Throughout the early stages of this proceeding, Debtors will need to analyze their open leases and contracts in order to determine which, in Debtor’s business judgment, shall be assumed and whether any will be rejected pursuant to Bankruptcy Code Section 365.

11. Should the Debtors determine that it is in their best interest to reject certain leases and executory contracts, Debtors desire to establish a uniform and organized noticing and claims procedure associated with their potential rejection of certain agreements.

12. Accordingly, the Debtors seek authority to establish procedures to reject certain Unexpired Leases and Executory Contracts notwithstanding contrary provisions in any of the affected Leases.

13. As to any Executory Contract or Unexpired Lease not rejected, the Debtors further reserve the right, subject to Court approval, to assume and/or assume and assign some or all of the Unexpired Leases or Executory Contracts on terms advantageous to the Debtors’ estates.

14. The Debtors also reserve all rights and defenses with respect to any claim for damages arising as a result of a lease rejection including, but not limited to, the right to assert any offset, counterclaim, or deduction.

**The Lease and Executory Contract Rejection Procedures**

15. Pursuant to Bankruptcy Code sections 105, 365 and 554, the Debtors respectfully request that this Court enter an Order establishing procedures (the “Rejection Procedures”) for

the future rejection of unexpired leases and executory contracts of both real and personal property (the "Future Rejected Agreements"). The proposed Rejection Procedures are as follows:

a. The Debtors will file on the docket for this Chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Agreements, and will serve the Rejection Notice pursuant to Fed. R. Bankr. P. 7004 and (b) fax or email (where available) on: (i) the counterparties to the Future Rejected Leases or Executory Contracts; (ii) known counsel to the counterparties to the Future Rejected Leases or Executory Contracts; (iii) the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee"); and (iv) any known third parties that have a known interest in Related Property (collectively, the "Notice Parties").

b. The Rejection Notice shall be substantially in the form of Exhibit A, annexed hereto. With respect to Leases or Executory Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' information: (i) the address of real property that is the subject of the Lease or Executory Contracts (if applicable), (ii) the monthly rental or contract obligation, (iii) the remaining term of the Lease or Executory Contracts, and (iv) the name and address of the affected counterparty. All Rejection Notices or Executory Contracts shall be accompanied by a copy of the Court Order establishing procedures.

c. Should a party in interest object to the Debtors' proposed rejection of a Lease or Executory Contracts, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Rejection Notice is filed: (i) counsel to Debtors, Boyle, Legal, LLC, 64 2nd Street, Troy NY 12180, Attention: Michael L. Boyle; and (ii) the Office of the U.S. Trustee, 11A Clinton Avenue, Albany, NY 12207, Attention: Amy Ginsburg, Esq.

d. If no objection to a Rejection Notice is timely filed, the applicable lease or contract shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth therein, the date the Rejection Notice is filed with the Court, provided, however, that the effective date of the rejection of a lease shall not occur until (i) with respect to real property: the Debtors unequivocally relinquish control of the premises, to the affected landlord, in writing of the Debtors' surrender of the premises or by turning over keys or "key codes" to the affected landlord; (ii) with respect to commercial chattel: the Debtors provide Rejection Notice to the affected creditor and requests scheduling of physical surrender of the affected property; and (iii) the Collection Period (as defined below), if applicable, expires (the "Rejection Date").

e. If an objection to a Rejection Notice is timely filed and received in

accordance with these Rejection Procedures, the Debtors will attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtors shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn by the objecting party, then the applicable lease or contract shall be deemed rejected as of (a) the Rejection Date, or (b) such other date as the Court may set forth in any order overruling such objection.

f. In connection with the rejection of a Future Rejected Lease or Executory Contracts, if the Debtors have deposited monies with a Future Rejected Lease or Executory Contracts counterparty as a security deposit or other arrangement, such Future Rejected Lease counterparty may not set off or recoup or otherwise use such deposit without prior approval of this Court or agreement of the parties.

g. If any party (the "Rejection Claimant") wishes to assert a claim against the Debtors arising from or relating to the rejection of a Future Rejected Lease, such Rejection Claimant shall file a proof of claim on or before the later of (i) the date that is thirty days after the effective date of rejection of the Future Rejected Lease or Contract, or (ii) the general bar date established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for any damages arising from or relating to the Future Rejected Lease or Contract.

h. The Debtors are authorized to remove from premises that are the subject of a Rejection Notice (i) personal property, consistent with the Debtors' ownership rights or other interests therein, and (ii) personal property that the Debtors have installed in or about the leased premises (i.e., fixtures, furniture, equipment, and other property) that is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties.

i. No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property. If the Debtors propose to abandon personal property that is (i) subject to a true lease and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate that the underlying personal property lease is also being rejected and the property abandoned, and the applicable personal property lessor shall have seven (7) days from the date the Rejection Notice is filed to retrieve its property (the "Collection Period"). If such property is not retrieved by the Collection Period, the property shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party.

j. In all events, any personal property remaining at any premises as of the

> Rejection Date, or the expiration of the Collection Period if the property is subject to a true lease, shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party. The right of any party in interest to assert a claim against the Debtor's estate for costs associated with abandoned property is preserved; provided, however, that any claim must be made within the time set by this Court in this order for filing proofs of claim. The Debtor rights to contest any such claim are fully preserved.

16. In connection with the foregoing, the Debtors also request that they be authorized to execute and deliver all instruments and documents, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Court, and that entry of the requested Order be without prejudice to the Debtors' right to seek further, other, or different relief regarding the Leases and Contracts.

17. The proposed Rejection Procedures will streamline the Debtors' ability to reject burdensome unexpired leases and executory contracts of real and personal property as well as performance Contracts that are unduly burdensome to the ongoing operations of Debtors' Post-Petition operations. These proposed Rejection Procedures minimize unnecessary post-petition obligations, while also providing affected parties with adequate notice of the rejection of any unexpired lease of real property, and a reasonable opportunity to object to such rejection.

18. Accordingly, the Debtors respectfully submit that the proposed Rejection Procedures should be approved, as they appropriately balance the respective interests of the parties, and are an appropriate exercise of the Debtors' business judgment.

**Basis For Relief**

19. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The United States Court of Appeals for the Second Circuit has stated that "[t]he purpose behind allowing the assumption or rejection of

executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

20. The business judgment standard is employed by courts in determining whether to permit a debtor to assume or reject a contract. In re Old Carco LLC, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009), citing In re Penn Traffic Co., 524 F.3d 373, 383 (2d Cir. 2008); NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984). In applying the "business judgment" standard, debtors are usually given significant discretion when requesting to assume or reject an executory contract or unexpired lease. See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management"). The business judgment standard mandates that a court shall approve a debtor's business decisions unless the decision is the product of bad faith or gross abuse of discretion. Id., see also In re G Survivor Corp., 171 B.R. 755, 757 - 8 (Bankr. S.D.N.Y. 1994), citing Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057 (1986); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985) (finding that a court should not interfere with a debtor's decision to assume or reject "absent a showing of bad faith or abuse of business discretion").

21. Moreover, Bankruptcy Code section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor submits that the relief requested herein is appropriate in these Chapter 11 cases and is well within the Court's equitable powers under Bankruptcy Code Section 105.

22. The Rejection Procedures set forth herein, and in the proposed Order, allow the Debtors to exercise their business judgment and ensure that unnecessary administrative costs are

avoided. The counterparties to the Future Rejected Leases will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received notice of the Debtors' intent to reject the Future Rejected Leases and of the effective date of the rejection, and will have the opportunity to submit an objection. The Debtors submit that the proposed Rejection Procedures balance the need for an expeditious reduction of burdensome costs to the Debtors' estate while providing due notice of the proposed rejection to the counterparties.

23. The Debtors therefore submit that the proposed Rejection Procedures set forth herein are fair and equitable, and request that the Court approve the Rejection Procedures as set forth above and in the proposed order.

**Notice**

24. Notice of this Motion has been provided to: (i) Office of the United States Trustee for the Northern District of New York; (ii) the counterparties to each of the Debtors' unexpired leases of property and executory contracts that are known to the Debtors; and (iii) any other party who has filed a notice of appearance in these cases. The Debtors submit that such notice is sufficient under the circumstances.

**No Previous Request**

25. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: Troy, New York November 22, 2026

BOYLE LEGAL, LLC

By: _/s/ Michael L. Boyle
___________

*Proposed Attorneys for*
*Debtor-in-Possession*
64 2ND Street
Troy, NY 12180
518-407-3121

mike@boylebankruptcy.com

# **EXHIBIT A**

**Rejection Notice**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, *et al,*[2]<br><br>Debtors. | Chapter 11<br>Case No. 26-<br>Lead Case<br>Joint Administration Being Requested<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26-<br>Case No. 26- |

**NOTICE OF PROPOSED REJECTION OF UNEXPIRED LEASE OR EXECUTORY CONTRACT**

**PLEASE TAKE NOTICE** that on November __, 2026, the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") entered an *Order Approving Expedited Procedure for Rejection of Certain Unexpired Leases and Executory Contracts* (the "Procedures Order") in the above-referenced Chapter 11 cases of Scene One Entertainment, LLC ("Scene One"), Bow Tie Management, LLC ("Bow Tie"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford LLC ("Gilford"); Scene One

[2]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Scene One Entertainment, LLC (9730); BTC Schenectady, LLC (8547); BTC Theater Management LLC (7543); Scene One Entertainment Parks, LLC (7786); Scene One Gilford LLC (9730)*; Scene One Greenville LLC (2654); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830); Scene One New Canaan, LLC (3947); Scene One Spectrum, LLC (1526); and Scene One Wilton, LLC (3876).

*Upon information and belief, Scene One Gilford operated for approximately 2-years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford LLC.

Greenville LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), as debtors and debtors-in-possession, approving expedited procedures (the "Rejection Procedures") for the rejection of unexpired leases of nonresidential property and executory contracts.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the terms of the Procedures Order, the Debtors hereby provide notice of their intent to reject the leases and executory contracts described in Annex I hereto (the "Affected Agreements") and to abandon certain property that is subject to the Affected Agreements (the "Related Property"). Pursuant to the terms of the Procedures Order, unless a written objection is filed and served accordance with the terms of the Procedures Order, the Affected Agreement will be rejected pursuant to 11 U.S.C. § 365(a), on the effective date set forth in this Notice, or, if no such date is set forth herein, the date this Notice is filed with the Court, provided, however, that the effective date of the rejection of a commercial property lease shall not occur until (i) the Debtors unequivocally relinquish control of the premises to the affected landlords in writing of the Debtors' surrender of the premises or by turning over keys or "key codes" to the affected landlord, and (ii) the Collection Period (as defined below), if applicable, expires (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that if any property that is proposed to be abandoned is subject to a personal property lease, the personal property lessor with respect to such property shall have seven (7) days from the date this Notice is filed to retrieve their property (the "Collection Period").

**PLEASE TAKE FURTHER NOTICE** that, should you object to the Debtors' rejection of the Affected Leases, you must file and serve a written objection so that such objection is filed

with the Court and actually received by the following parties no later than fourteen (14) days after the date the Rejection Notice is filed with the court: (i) counsel to Debtors, Boyle, Legal, LLC, 64 2nd Street, Troy NY 12180, Attention: Michael L. Boyle; and (ii) the Office of the U.S. Trustee, 11A Clinton Avenue, Albany, NY 12207, Attention: Amy Ginsburg, Esq.

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and received in accordance with these Rejection Procedures, the Debtors shall attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtors shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is overruled by the Court or withdrawn by the objecting party, then the applicable lease or executory contract shall be deemed rejected as of (a) the Rejection Date, or (b) such other date as the Court may set forth in any order overruling such objection. If the objection concerns the abandonment of property or other matters that may be determined independently of the rejection of the lease, the rejection of such lease shall be deemed to have occurred on the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, in connection with the rejection of an Affected Agreement, if the Debtors have deposited monies with an Affected Agreement counterparty as a security deposit or other arrangement, such Affected Agreement counterparty may not set off or recoup or otherwise use such deposit without prior approval of this Court or agreement of the parties.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, should you have a claim for any damages as a result of any Affected Agreement, you must submit a proof of claim on or before the later of (i) the date that is thirty days after the effective date of the rejection of such Affected Lease, or (ii) the general bar date established by this Court for filing proofs of claim against the Debtors. If you do not timely file such proof of claim, you

shall be forever barred from asserting a claim for any damages.

**PLEASE TAKE FURTHER NOTICE** that, in all events, any personal property remaining at any premises as of the Rejection Date, or the expiration of the Collection Period if the property is subject to a true lease, shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party. The right of any party in interest to assert a claim against the Debtors' estate for costs associated with abandoned property is preserved; provided, however, that any claim must be made within the time set by this Court in this order for filing proofs of claim. The Debtor and the Committee's rights to contest any such claim are fully preserved.

Dated: Troy, New York
November __, 2026

BOYLE LEGAL, LLC

By: _/s/ Michael L. Boyle_____________

*Proposed Attorneys for*
*Debtor-in-Possession*
64 2ND Street
Troy, NY 12180
518-407-3121
mike@boylebankruptcy.com

# ANNEX I

## Affected Leases

| ADDRESS OF SUBJECT PROPERTY | MONTHLY RENTAL OBLIGATION | REMAINING LEASE TERM | LANDLORD NAME/ADDRESS | EFFECTIVE DATE OF REJECTION |
|---|---|---|---|---|
| | | | | |

| DESCRIPTION OF PROPERTY TO BE SURRENDERED | SUBJECT TO PERSONAL PROPERTY LEASE |
|---|---|
| | |

# EXHIBIT B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

Scene One Entertainment, LLC, *et al,*[3]

Debtors.

Chapter 11
Case No. 26-
Lead Case
Joint Administration
Being Requested
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-

**ORDER APPROVING EXPEDITED PROCEDURE FOR REJECTION OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**

[3]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Scene One Entertainment, LLC (9730); BTC Schenectady, LLC (8547); BTC Theater Management LLC (7543); Scene One Entertainment Parks, LLC (7786); Scene One Gilford LLC (9730)*; Scene One Greenville LLC (2654); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830); Scene One New Canaan, LLC (3947); Scene One Spectrum, LLC (1526); and Scene One Wilton, LLC (3876).

*Upon information and belief, Scene One Gilford operated for approximately 2-years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford LLC.

Upon the motion, dated November __, 2026 (the "Motion") of Scene One Entertainment, LLC ("Scene One"), Bow Tie Management, LLC ("Bow Tie"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford LLC ("Gilford"); Scene One Greenville LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), as debtors-in-possession, for entry of an Order approving an expedited procedure for rejection of certain unexpired leases and executory contracts (hereinafter, collectively "Agreements"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtors are authorized, but not required, to (i) reject Agreements pursuant to Bankruptcy Code section 365(a), through the following procedures (the "Rejection Procedures"):

a. The Debtors will file on the docket for this Chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Agreements, and will serve the Rejection Notice pursuant to Fed. R. Bankr. P. 7004 and (b) fax or email (where available) on: (i) the counterparties to the Future Rejected Leases; (ii) known counsel to the counterparties to the Future Rejected Leases; (iii) the Office of the United States Trustee for the Northern District of New York (the "U.S. Trustee"); and (iv) any known third parties that have a known interest in Related Property (collectively, the "Notice Parties").

b. The Rejection Notice shall be substantially in the form of Exhibit A annexed hereto. With respect to Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtors' information: (i) the address of real property that is the subject of the Lease (if applicable), (ii) the monthly rental obligation, (iii) the remaining term of the Lease, and (iv) the name and address of the affected counterparty. All Rejection Notices shall be accompanied by a copy of the Court Order establishing procedures.

c. Should a party in interest object to the Debtors' proposed rejection of a Lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the following parties (the "Objection Notice Parties") no later than fourteen (14) days after the date the Rejection Notice is filed: (i) counsel to Debtor, Boyle, Legal, LLC, 64 2nd Street, Troy NY 12180, Attention: Michael L. Boyle; and (ii) the Office of the U.S. Trustee, 11A Clinton Avenue, Albany, NY 12207, Attention: Amy Ginsburg, Esq.

d. If no objection to a Rejection Notice is timely filed, the applicable lease or contract shall be deemed rejected on the effective date set forth in the Rejection Notice, or, if no such date is set forth therein, the date the Rejection Notice is filed with the Court, <u>provided</u>, <u>however</u>, that the effective date of the rejection of a lease shall not occur until (i) with respect to real property: the Debtors unequivocally relinquish control of the premises, to the affected landlord in writing of the Debtors' surrender of the premises or by turning over keys or "key codes" to the affected landlord; (ii) with respect to commercial chattel: the Debtors provide Rejection Notice to the affected creditor and requests scheduling of physical surrender of the affected property; and (iii) the Collection Period (as defined below), if applicable, expires (the "Rejection Date").

e. If an objection to a Rejection Notice is timely filed and received in accordance with these Rejection Procedures, the Debtors will attempt to reach a consensual resolution of such objection. If the parties are unable to resolve the objection, the Debtor shall schedule a hearing on such objection and shall provide at least five (5) days' notice of such hearing to the objecting party and the Objection Notice Parties. If such objection is

overruled by the Court or withdrawn by the objecting party, then the applicable lease or contract shall be deemed rejected as of (a) the Rejection Date, or (b) such other date as the Court may set forth in any order overruling such objection.

f. In connection with the rejection of a Future Rejected Lease, if the Debtors have deposited monies with a Future Rejected Lease counterparty as a security deposit or other arrangement, such Future Rejected Lease counterparty may not set off or recoup or otherwise use such deposit without prior approval of this Court or agreement of the parties.

g. If any party (the "Rejection Claimant") wishes to assert a claim against the Debtors arising from or relating to the rejection of a Future Rejected Lease, such Rejection Claimant shall file a proof of claim on or before the later of (i) the date that is thirty days after the effective date of rejection of the Future Rejected Lease or Contract, or (ii) the general bar date established by this Court for filing proofs of claim against the Debtors. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for any damages arising from or relating to the Future Rejected Lease or Contract.

h. The Debtors are authorized to remove from premises that are the subject of a Rejection Notice (i) personal property, consistent with the Debtors' ownership rights or other interests therein, and (ii) personal property that the Debtors have installed in or about the leased premises (i.e., fixtures, furniture, equipment, and other property) that is either owned by the Debtors, leased by the Debtors from third parties, or subject to any equipment financing agreements with third parties.

i. No personal property subject to a true lease shall be abandoned without first rejecting the underlying lease for such property. If the Debtors propose to abandon personal property that is (i) subject to a true lease and (ii) located at a premises that is the subject of a Rejection Notice, such Rejection Notice shall indicate that the underlying personal property lease is also being rejected and the property abandoned, and the applicable personal property lessor shall have seven (7) days from the date the Rejection Notice is filed to retrieve its property (the "Collection Period"). If such property is not retrieved by the Collection Period, the property shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party.

j. In all events, any personal property remaining at any premises as of the Rejection Date, or the expiration of the Collection Period if the property is subject to a true lease, shall be deemed abandoned without further order of this Court free and clear of any interests and landlord or its designee shall be free to dispose of same without liability to any party. The right of any party in interest to assert a claim against the Debtors' estate for costs

> associated with abandoned property is preserved; provided, however, that any claim must be made within the time set by this Court in this order for filing proofs of claim. The Debtors' rights to contest any such claim are fully preserved.

3. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors' rejection of the unexpired leases and executory contracts in accordance with the Rejection Procedures set forth in this Order is hereby approved and such Rejection Procedures shall govern the rejection of said Agreements, except to the extent the Debtors and a counterparty have agreed otherwise in writing, in which case the terms of such agreement shall govern the rejection of the lease with respect to such counterparty.

4. The Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures.

5. Entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Leases pursuant to, among other things, section 365 of the Bankruptcy Code.

6. This Court shall retain jurisdiction to resolve all matters relating to implementation of this Order.

###