UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a<br>Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration<br>Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS (II) GRANTING CERTAIN RELATED RELIEF

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, Boyle Legal, LLC, hereby submit this motion (the "Motion"), for entry of an order, attached hereto as Exhibit "A" (the "Proposed Order"), pursuant to sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), rules 1007 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) extending the initial 14-day deadline by which the Debtors must file schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements") by 45 days, through and including January 20, 2027 ( the "Schedules and Statements Deadline"), without prejudice to the Debtors' ability to request additional extensions and (b) granting certain related relief. In further support of the Motion, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Debtors have filed a First Day Motion to Jointly Administer, if not consolidate, the Debtors for the life of the instant Chapter 11 Bankruptcy proceeding. See Docket No. XX.
2. The *Declaration of Joseph Masher in Support of Petition and First Day Motions* is incorporated herein by reference.

**JURISDICTION**

3. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.
4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).
5. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.
6. The statutory predicates for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007 and 9006(b). The Debtors consent to the entry

of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**CASE BACKGROUND**

7. On November 22, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief with the Court under Subchapter V of Chapter 11 of the Bankruptcy Code.

8. The Debtors continue to operate their businesses and manage their properties as Debtors-in-Possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. The Debtors have filed a motion requesting joint administration and substantial consolidation of these Chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and 11 U.S.C. § 105 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no committees have been appointed or designated.

11. The Debtors are Limited Liability Companies organized under the laws of the State of New York and Delaware and maintain a shared principal office at 400 State Street, Schenectady, NY, 12305.

12. Debtors operate as a historic American movie theater chain with locations in New York, Connecticut, and Colorado. Specifically, Debtors represent the oldest movie theater chain in the United States following the original foundation by Benjamin S. Moss in 1900 and remains one of the largest privately held movie theater businesses in the United States.

## RELIEF REQUESTED

13. By this Motion, the Debtors request entry of the Order substantially in the form attached hereto as Exhibit "A", (a) extending the initial 14-day deadline by which the Debtors must file their Schedules and Statements to the Schedules and Statements Deadline, without prejudice to the Debtors' ability to request additional extensions and (b) granting certain related relief.

## BASIS FOR RELIEF

14. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), a debtor is required to file Schedules and Statements within 14 days after the petition date unless the bankruptcy court orders otherwise.

15. Pursuant to Bankruptcy Rule 1007(a)(5) states that an "extension of time for the filing of the [schedules] . . . may be granted [] on motion for cause shown and on notice to the United States trustee."

16. Furthermore, § 105(a) of the Bankruptcy Code, which codifies the equitable powers of the bankruptcy court, empowers courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105.

17. Additionally, the Debtors filed the Motion for an Order Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.

18. The Debtors submit that, based upon the facts and circumstances surrounding these Chapter 11 Cases, the Court has authority to extend the deadline to file the Debtors' Schedules and Statements.

19. The Debtors have hundreds of creditors and other parties-in-interest.

20. Additionally, Debtors are actively collecting information necessary to complete their Statements of Financial Affairs.

21. Moreover, given the pre-petition UCC freezes placed on Debtors' various cash and cash equivalent accounts, Debtor requires time to account for cash and cash equivalents in order to provide an adequate and accurate accounting of same to parties-in-interest.

22. Moreover, Debtors are parties to various executory contracts and unexpired leases and it is critical that Debtors provide a complete and accurate picture of same on their Schedule Gs.

23. To prepare their Schedules and Statements, the Debtors must compile a significant amount of financial information from books, records, ongoing contracts, license agreements, and other documents.

24. This information is voluminous, and assembling the necessary information requires a significant expenditure of time and effort on the part of the Debtors and their members.

25. The magnitude of that task, when taken together with the Debtors' transition into chapter 11, supports an extension of the deadline set forth in the Bankruptcy Code and the Bankruptcy Rules for filing the Schedules and Statements.

26. Moreover, the relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties-in-interest.

27. Rather, the extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of these Chapter 11 Cases.

28. Bankruptcy courts have routinely granted relief similar to the relief requested herein. See, e.g., In re North Star Health Alliance, Inc., *et al*, Case No. 26-60099 (Bankr. N.D.N.Y. 2026), ECF No. 27 (extending the time to file schedules and statements until 59 days after

the petition date, without prejudice to seek further extensions of time); In re Cred Inc., Case No. 20-12836 (Bankr. D. Del. 2020), ECF No. 262 (extending the time to file schedules and statements until 61 days after the petition date, without prejudice to seek further extensions of time); In re Mallinckrodt PLC, Case No. 20-12522 (Bankr. D. Del. 2020), ECF No. 461 (extending time to file schedules and statements to 73 days from the petition date); In re Global Eagle Entertainment, Inc., Case No. 20-11835 (Bankr. D. Del. 2020), ECF No. 229 (extending time to file schedules and statements to 53 days from the petition date).

**NOTICE**

29. No creditors' committee, trustee, examiner, or patient care ombudsman has been appointed in these Chapter 11 Cases.

30. Notice of this Motion will be provided to: (a) the U.S. Trustee; (b) the creditors holding the 20 largest unsecured claims against each of the Debtors' estates, as identified in the Debtors' Chapter 11 petitions; and (c) any persons that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002.

31. The Debtors submit that, upon information and belief, no other or further notice need be provided.

32. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as is just and proper.

Dated: Troy, New York
November 22, 2026

BOYLE LEGAL, LLC

By: _/s/ Michael L. Boyle_____________

*Proposed Attorneys for*
*Debtors-in-Possession*
64 2nd Street
Troy, NY 12180
518-407-3121
mike@boylebankruptcy.com

# EXHIBIT A.

# Proposed Order

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Scene One Entertainment, LLC, *et al,*[2] | Case No. 26- |

[2]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Scene One Entertainment, LLC (9730); BTC Schenectady, LLC (8547); BTC Theater Management LLC (7543); Scene One Entertainment Parks, LLC (7786); Scene One Gilford LLC (9730)*; Scene One Greenville LLC (2654); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830); Scene One New Canaan, LLC (3947); Scene One Spectrum, LLC (1526); and Scene One Wilton, LLC (3876).

Lead Case
Joint Administration
Being Requested
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-
Case No. 26-

Debtors.

ORDER (I) EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS (II) GRANTING CERTAIN RELATED RELIEF

Upon the Motion of Scene One Entertainment, LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford LLC ("Gilford"); Scene One Greenville LLC ("Greenville"); Scene One Market Arcade, LLC d/b/a Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors") for entry of an order (this "Order") (a) extending the initial 14-day deadline by which the Debtors must file their Schedules and Statements to the Schedules and Statements Deadline, without prejudice to the Debtors' ability to request additional extensions, and (b) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court being

*Upon information and belief, Scene One Gilford operated for approximately 2-years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford LLC.

able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their patients, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.
2. The time by which the Debtors must file their Schedules and Statement of Financial Affairs shall be, and hereby is, extended through and including January 20, 2027. The foregoing extension of time to file the Schedules and Statements is without prejudice to the Debtors' right to seek further extensions of time to prepare and file their Schedules and Statements.
3. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

4. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order

###