UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a<br>Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration<br>Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

**DEBTORS' EX PARTE APPLICATION TO APPROVE RETENTION OF COUNSEL PURSUANT TO 11 U.S.C. § 327(a)**

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene One Spectrum, LLC ("Spectrum"); and Scene One Wilton,

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through its proposed attorneys, Boyle Legal, LLC, (Michael L. Boyle, principal), hereby applies to this Court ex parte for an order approving retention of Boyle Legal, LLC, as Counsel for Debtors, pursuant to 11 U.S.C. § 327(a) and in support thereof respectfully show the Court as follows:

1. Debtors filed for Bankruptcy Protection under Title 11 of the United States Code (hereinafter, the "Bankruptcy Code") on November 22, 2026.

2. Prior to commencement of this Case, Debtors retained Boyle Legal, LLC (hereinafter, "Counsel") in November 2026 to assess its financial condition and analyze whether reorganization under Chapter 11 was a viable solution to Debtor's financial issues.

3. Debtors now desire to employ Counsel as bankruptcy counsel for the Debtor in the above-captioned Chapter 11 Case.

4. The professional services to be rendered by Boyle Legal, LLC, to the Debtors are:

a. To give Debtor legal advice with respect to my powers and duties as Debtor-in- Possession in the continued reorganization of its debts;

b. To take necessary actions to avoid liens against Debtor's property, remove restraints against Debtor's property and such other actions to remove any encumbrances and liens which are avoidable, which were placed against the property of the Debtor prior to the filing of the Petition instituting this proceeding and at a time when the Debtor was insolvent;

c. To take necessary action to enjoin and stay until final decree herein any attempts by secured creditors to enforce liens upon property of the Debtor in which property of the Debtor has substantial equity;

d. To represent Debtor, as Debtor-in-Possession, in any proceedings which may be instituted in this Court by Debtor, Creditors, or other Parties-in-Interest during the course of this proceeding;

e. To prepare necessary pleadings, answers, orders, reports, and other legal papers;

f. To perform all other Bankruptcy legal services for Debtor-in-Possession or to employ attorneys, or other Professionals, for such other non-Bankruptcy legal services during the pendency of this Case.

5. Counsel for the Debtors may be called upon to perform duties required as to matters not set forth herein, and, in the event the services of counsel are required for unusual or extraordinary matters beyond the scope or intent of this application, additional applications for such Orders will be made by the Debtor, as appropriate.

6. Debtors understand that compensation will be made on an hourly rate, subject to Court approval, based upon application to the Court with daily contemporaneous time records annexed thereto with an initial retainer of $65,000.00, inclusive of filing fees, having previously been paid by Debtor.

7. Applicant's hourly rates are as follows: $450.00 for Michael Boyle (partner), $300.00 to $400.00 per hour for associates, and $100.00 to $200.00 for paralegals and law clerks. Annexed hereto and made a part hereof and marked as Exhibit "A" is a true and accurate copy of the retainer agreement entered into between Debtor and Boyle Legal, LLC.

8. Your applicant believes that the proposed attorney has no connection with the Debtor, Creditors, with the U.S. Trustee or any person employed in the U.S. Trustee's office or any other party of interest, their respective attorneys and accountants, and therefore, is a Disinterested Party. Annexed hereto and made a part hereof and marked as Exhibit "B" is an

Affirmation of Disinterest

9. Annexed hereto and made a part hereof and marked as Exhibit "C" is a proposed order granting Debtor's request herein to retain Boyle Legal, LLC, as Counsel.

WHEREFORE, the Debtor respectfully requests that this Court issue an Order permitting and authorizing Debtor to Employ Boyle Legal, LLC as Counsel for Debtor pursuant to 11 U.S.C. § 327(a) and that Debtor be granted such other and further relief as to the Court may seem just and proper.

Date: November 22, 2026

/s/Michael L. Boyle
Michael L. Boyle
Boyle Legal, LLC
*Proposed Attorneys for Debtor*
64 2nd Street
Troy NY 12180
518-407-3121
mike@boylebankruptcy.com

/s/Joseph Masher
Joseph Masher, Managing Member
Scene One Entertainment, LLC f/k/a Bow Tie Management LLC
BTC Schenectady, LLC
Scene One Entertainment Parks, LLC
Scene One Gilford, LLC
Scene One Greenville, LLC
Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas
Scene One New Canaan, LLC
Scene One Spectrum, LLC
Scene One Wilton, LLC
*Debtors and Debtors-in-Possession*

# EXHIBIT A

November 6, 2026

## CHAPTER 11 BANKRUPTCY LETTER

Please accept this correspondence as your Retainer Agreement. Also provided is your Statement of Client's Rights. Please sign the last page of the agreement after my signature (page 6) and the Statement of Client's Rights (page 11) acknowledging receipt and understanding thereof. Please return the signed originals to our offices for counsel signature without delay, a duly executed copy of which will be provided to you for your records.

**This is a proposed agreement only. No Attorney-Client relationship is created unless and until this agreement is signed by the Client and by an authorized representative of the Firm and you pay the required retainer payment or fee advance in accordance with the terms of this agreement.**

THIS AGREEMENT is entered into between Boyle Legal, LLC, referred to in this Agreement as the "Firm," and **Scene One Entertainment LLC and its subsidiaries, Bow Tie Management LLC, Scene One Entertainment Parks LLC, Scene One Gilford LLC, Scene One Spectrum LLC, Scene One Wilton LLC, BTC Theater Management LLC, BTC Schenectady LLC, Scene One New Canaan LLC, Scene One Market Arcade LLC DBA Scene One Market Arcade Cinemas, Scene One Greenville LLC**, collectively referred to in this Agreement as "the Client." This Agreement constitutes a legally binding contract and should be reviewed carefully.

**Note: Representation is contingent on Client retaining the Law Firm by no later than November 6, 2026. "Retention" shall be defined as signing and returning this retainer letter as well as remitting the full pre-petition retainer amounts (Legal Fees: $45,882.00; Filing Fees: $19,118.00; Total Retainer Remittance of $65,000.00).**

### Nature of Services

The Client herewith retains and employs the Firm to represent the Client's interests in a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Northern District of New York from the date the retainer is paid. Client understands that there are essentially two (2) chapters of the Bankruptcy Code under which Client may seek relief: Chapter 7 (liquidation) and Chapter 11 (reorganization). Bankruptcy law requires a complete review of your financial records and potential challenges from the U.S. Trustee, and other parties in interest, prior to a final determination as to which chapter of bankruptcy is permissible.

Fees

The Firm shall charge the client an **hourly fee of $450.00, for partners; $300.00-$400.00, per hour for associates, and $100 to 200 per hour for paralegals and law clerks**. In contemplation of this retainer and as an initial retainer deposit, Client agrees to pay Firm the sum of **$47,620.00**. Client must remit the full fee upon retaining the Firm. No payment plans will be contemplated. Client understands that the **$47,620.00** retainer remittance does not necessarily constitute total and final fees. The Firm shall seek Court approval of all legal fees incurred and the Firm will seek to be paid as an Administrative Expense in the Debtor's Chapter 11 plan for any amounts over the initial retainer payment.

Until our entire prepetition fee is paid by the Client, as well as the filing fee, the Firm will not file the bankruptcy petition with the Court.

To the extent there is adversary proceeding prosecution or defense are necessary, additional services will be billed at **$450.00 per hour** for attorneys and **$100 to $200 per hour** for paralegals and law clerks. Adversary proceedings, while rare in Chapter 11 bankruptcy, are separate but related lawsuits to an underlying bankruptcy that include such issues as preferential payments, fraudulent transfers, dischargeability determinations, etc. In addition, client will be responsible for all costs related to the adversary proceeding, including service of process fees, photocopy charges, online legal research, transcriptionist fees from depositions, etc.

The legal fee does not include disbursement. Disbursements shall include the Court filing fee of **$1738.00**. These filing fees must be paid by the time you sign your petition. Disbursements may also include the costs of obtaining tax transcripts, court stenographers, and all additional court fees related to bankruptcy litigation. Disbursements must be paid as they are needed.

**Until The Firm's entire initial retainer payment ($45,882.00) as well as the Court filing fees ($1,738.00 per entity, $19,118.00 total) (Total = $65,000.00) are paid by the Client, the Client understands that the Firm will not file the bankruptcy petition with the Court. The Client also understands that to the extent the Client decides not to file one or more represented entities into a Chapter 11, that the filing fees associated with same shall be retained by the firm and held in escrow for payment of future legal fees as approved by the Court in the relevant proceedings.** ***Receipt of $65,000.00 payment is hereby acknowledged as received on November 4, 2026.***

By paying money toward the Firm's fee, you acknowledge that the Firm will open a file on your behalf, give you advice, respond to creditor's calls, and begin to prepare your bankruptcy petition and relevant pleadings necessary for the filing of the case. Therefore, if the Client decides to not file the petition, the money you pay the Firm will be applied based upon a $400.00 per hour rate, as well as any costs incurred on behalf of the Client (professionals, postage, etc.).

If the Client disputes the legal services provided or charged by the attorney, the Client must advise the Court or the Trustee in writing and request that the matter be set for a hearing.

The retainer fee does not include any services rendered in Appellate Courts, post judgment proceedings or any actions or proceedings other than the action for which the Firm has been retained.

The Client understands that in the even any payment made by check is returned for insufficient funds, the Client shall be responsible for the amount of the dishonored check in addition to any bank fees and an administrative fee in the amount of thirty dollars ($30.00).

Withdrawal of Representation

You are advised that if, in the judgment of the Firm, we decide there has been an irretrievable breakdown in the Attorney-Client relationship, or a material breach of the terms of this retainer agreement, we may decide to make an application to the Court in which your action is pending to be relieved as your attorneys. In such event, you will be provided with notice of the application and an opportunity to be heard.

Client may discharge the Firm at any time.

Retention of Experts

You have been advised that in order for us to properly protect your interests, it may be necessary to retain outside experts such as appraisers, actuaries and accountants. You will be responsible for the costs incurred for any such service, which in some cases may have to be paid in advance, depending on the particular expert. No expert or appraiser shall be retained without your prior approval.

Other General Provisions

The Client understands that there are many factors outside the control of the Firm, which can affect the course and outcome of the case, as well as the amount of time and effort required to deal with the various issues involved.

**The Client understands that should they be unable to confirm a plan of reorganization under Chapter 11 of the Bankruptcy Code, they face the risk of their case being dismissed or converted to one under Chapter 7 (liquidation). Under a liquidation bankruptcy, all of Debtor's non-exempt assets would be liquidated to pay general unsecured creditors.**

**The Client acknowledges that the Firm has in no way predicted the outcome or result of the Client's matter, not even in a broad or general way.**

The Client acknowledges that, by the nature of our busy practice, it may be difficult at times for the Client to immediately reach the attorney personally by telephone or otherwise, and if the latter is the case, the Client should arrange an appointment with our office staff to schedule an appointment with the attorney.

**The Client acknowledges that the Firm has made no promises to the Client, other than that the Firm will use its best professional effort on behalf of the Client.**

If for any reason you desire the return of your physical file and its contents, same may be one upon written request from you, provided at the time of delivery of the file, you pay the customary costs for postage, and provided your final bill for services, costs and disbursements has been paid in full. Such written request must give our office reasonable advance time to allow for the copying of the entire file and such file will only be available during the usual and customary office business hours, with receipt of same witnessed before a Notary Public. The Firm's normal business hours are 9:00am to 5:00pm, Monday through Thursday; 10:00a.m. to 4:00p.m. Friday. Weekends and Federal Holidays are not considered normal business hours. *Upon the completion of your case, whether by discharge or dismissal, you will have 90 days to request documents from your file. After 90 days, the Firm may archive or purge the file, and you will not have access to any or all documents.*

Acknowledgement and Understanding

The Client acknowledges that he/she has read this Agreement in its entirety, has had the full opportunity to consider its terms, has had full and satisfactory explanation of same, upon request, and fully understands its terms and agrees to such terms.

The Client fully understands and acknowledges that there are no additional or different terms or agreements other than those expressly set forth in this written Agreement.

The terms and provisions of this Agreement shall be construed and governed in accordance with the laws of the State of New York.

The Client acknowledges that he/she has been provided with and read the Statement of Clients Rights, a copy of which was provided to the Client with this Retainer Agreement, a signed version of which is to be returned to the Firm along with this signed Retainer Agreement.

The Firm has informed you that pursuant to court rule, we are required, as your attorneys, to certify court papers submitted which contain statements of fact, and specifically, to certify that we have no knowledge that the substance of the submission is false. Accordingly, you agree to provide us with

truthful, complete and accurate information, which forms the basis of court papers, and to certify in writing to us, prior to the time the papers are actually submitted to the court, the accuracy of the court submissions which we prepare on your behalf and which you shall review and sign.

The Client is aware of the hazards of litigation and acknowledge that the Firm has made no guarantees in the disposition of any phase of the matter of which you have retained this office.

**If this Retainer Agreement meets your approval, kindly sign your name below and on the last page of the Statement of Client's Rights and Responsibilities and return both originals to our offices.** You acknowledge that pursuant to court rules, a copy of this Retainer Agreement may be required to be filed with the Court in which your action is pending.

Regards,

Boyle Legal, LLC
By: Michael L. Boyle

I, **Joseph Masher, Managing Member**, acknowledge receipt and understanding of this Retainer Agreement as a letter of engagement, receipt of my Statement of Rights, Statement of Responsibilities, and acknowledge agreement with the flat fee rate and disbursement fee requirements, responsibility for timely payment, and agree with all incorporated terms of this Retainer Agreement.

11/12/26

**Joseph Masher, Managing Member,** **Date**
**Scene One Entertainment, LLC**
**Bow Tie Management LLC,**
**Scene One Entertainment Parks LLC,**
**Scene One Gilford LLC,**
**Scene One Spectrum LLC,**
**Scene One Wilton LLC,**
**BTC Theater Management LLC,**
**BTC Schenectady LLC,**
**Scene One New Canaan LLC,**
**Scene One Market Arcade LLC DBA Scene One Market Arcade Cinemas,**
**Scene One Greenville LLC,**

## Statement of Client's Responsibilities

Boyle Legal, LLC (the "Firm") is providing you with this document to inform you of what you, **Scene One Entertainment LLC and its subsidiaries, Bow Tie Management LLC, Scene One Entertainment Parks LLC, Scene One Gilford LLC, Scene One Spectrum LLC, Scene One Wilton LLC, BTC Theater Management LLC, BTC Schenectady LLC, Scene One New Canaan LLC, Scene One Market Arcade LLC DBA Scene One Market Arcade Cinemas, Scene One Greenville LLC,** (the "Client") is entitled to by law or by custom. To help prevent any misunderstanding between the Client and the Firm, please read this document carefully in its entirety.

If you ever have any questions about the way your case is being handled, do not hesitate to ask your attorney. He or she is readily available to represent your best interests and keep you informed about your case.

It is important for Bankruptcy Clients to understand their rights and responsibilities. It is also important that the Client knows that communicating with the Firm is essential to successfully completing their bankruptcy petition. Clients should also know that they may expect certain services to be performed by the Firm.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safe-guard the escrow in a special bank account. You are entitled to a written escrow agreement, and may request that one or more interest-bearing bank accounts be used. You are also entitled to a written receipt, and a complete record concerning the escrow. When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In order to assure the Client and the Firm understand their rights and responsibilities in the bankruptcy process, the following guidelines, approved by the U.S. Bankruptcy Court, are hereby agreed to by the Client and the Firm, **unless the Court orders otherwise**:

(Nothing in this agreement shall be construed to excuse an attorney from any ethical duties or responsibilities under FRBP 9011 or applicable non-bankruptcy law).

### Before the Case is Filed

**The Client agrees to:**

1. Provide the Firm with truthful and accurate financial information and timely provide all requested documentation.
2. Discuss with the Firm the Client's objectives in filing the case.
3. *I understand that upon completion of my case, whether by discharge or dismissal, I*

*will have 90 days to request documents from my file. After 90 days, I understand that my attorney may archive or purge the file, and I will not have access to any or all documents.*

**The Firm agrees to:**

1. Meet with the Client to review the Client's debt, assets, liabilities, income and expense particulars.
2. Counsel the Client regarding the advisability of filing under Chapter 7, 11, 12 or 13 of title 11, outlining the procedures with the Client and answering the Client's questions.
3. Explain to the Client how the attorney's fees are paid and provide an executed copy of this document to the Client.
4. Advise the Client of the requirement to attend the 11 U.S.C. § 341 meeting of creditors.
5. Advise the Client of the necessity of maintaining liability and hazard insurance on all real property as well as liability, collision and comprehensive insurance on vehicles securing loans or leases.
6. Timely prepare and file the Client's petition, plan, statements and schedules.
7. Advise the client on the legal impact of executing reaffirmation agreements with creditors.

**<u>After the Case is Filed</u>**

**The Client agrees to:**

1. Appear at the 11 U.S.C. § 341 meeting of creditors with the Firm.
2. Keep the Trustee and the Firm informed of the Client's current address and telephone number.
3. Inform the Firm of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
4. Contact the Firm promptly if the Client has other or new financial problems.
5. Advise the Firm if the Client is sued during the pendency of the case.
6. Inform the Firm if any tax refunds the Client is entitled to are seized or not returned to the Client by the IRS or Franchise Tax Board.
7. Contact the Firm before buying, selling, or refinancing any property and before entering into any loan agreements to find out what approvals are required from the court.
8. Timely obtain a certificate of completion of a U.S. Trustee approved personal financial management course, if applicable.

**The Firm agrees to:**

1. Advise the Client of the date, time, and place and appear at the 11 U.S.C. § 341 meeting of creditors with the Client.
2. Prepare, file and serve necessary amended statements and schedules in accordance with information provided by the Client.
3. Prepare, file and serve such motions as are needed during the case, including, but not limited to, motions to avoid liens, sell property, approve settlements, approve new debts, etc.
4. Represent the Client in connection with motions for relief from stay and for dismissal or conversion of the case.
5. Where appropriate, prepare, file and serve necessary motions to partially or wholly avoid liens on real property or personal property pursuant to 11 U.S.C. §§ 506 and/or 522.
6. Communicate with the Client by telephone or by being available for office appointments to discuss pending issues or matters of concern. The Firm insists that appointments be made for personal visits to our office.
7. Provide such other legal services as are necessary for the proper administration of the present case before the U.S. Bankruptcy Court.
8. Provide client with copies of all court documents and substantive correspondence affecting the Client's case and Client is encouraged to retain such for future use.

**Statement of Client's Rights**

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.

2. You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.

3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4. You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5. You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.

6. You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7. You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. Court approval of a settlement is required in some matters.

8. You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9. You are entitled to have your attorney conduct himself or herself ethically in accordance

with the New York Rules of Professional Conduct.

10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

**EXECUTION OF DUPLICATE ORIGINALS AND RECEIPT OF A FULLY EXECUTED COPY BY THE CLIENT AND THE ATTORNEY ARE ACKNOWLEDGED:**

11/13/2026

Boyle Legal, LLC
By: Michael L. Boyle

Date

11/12/26

**Joseph Masher, Managing Member,**
**Scene One Entertainment, LLC**
**Bow Tie Management LLC,**
**Scene One Entertainment Parks LLC,**
**Scene One Gilford LLC,**
**Scene One Spectrum LLC,**
**Scene One Wilton LLC,**
**BTC Theater Management LLC,**
**BTC Schenectady LLC,**
**Scene One New Canaan LLC,**
**Scene One Market Arcade LLC DBA Scene One Market Arcade Cinemas,**
**Scene One Greenville LLC**

**Date**

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

**DECLARATION OF MICHAEL L. BOYLE IN SUPPORT OF APPLICATION TO EMPLOY BANKRUPTCY COUNSEL**

State of New York)
County of Rensselaer) ss.:

Michael L. Boyle, being duly sworn, deposes and says;

1. I am an attorney licensed to practice law in the States of New York and this Court.

2. I make this declaration in support of Debtor's application to employ my firm, Boyle Legal, LLC as bankruptcy counsel for the Debtor.

3. My law firm maintains offices at 64 2nd Street Troy, NY 12180.

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

4. Debtors engaged my firm for the purpose of representing the Debtor in this Chapter 11 proceeding.
5. I have no business, professional, or other connection to the Debtors, its creditors or any other party in interest and have no interest adverse to the Debtor-in- Possession or to the estate of the Debtor, in the matters upon which to be engaged.
6. Your deponent has been providing legal services in bankruptcy law for over eleven (11) years.
7. Boyle Legal, LLC, intends to perform all necessary legal services in connection with Debtor's pending Bankruptcy.
8. The Debtor-in-Possession has agreed to pay your deponent at the hourly rate of $450.00 with a $65,000.00 retainer having been remitted to your deponent's firm in November, 2026.
9. Final payment of attorney's fees and costs will be made upon final application to the Court with contemporaneous time records annexed thereto.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: November 22, 2026

/s/Michael L. Boyle
Michael L. Boyle
Boyle Legal, LLC
*Proposed Attorney for Debtor*
*and Debtor-in-Possession*

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a<br>Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration<br>Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

**ORDER APPROVING RETENTION OF BANKRUPTCY COUNSEL**

Upon the ex parte application of Scene One Entertainment, LLC, Bow Tie Management, LLC; BTC Schenectady, LLC; BTC Theater Management LLC; Scene One Entertainment Parks, LLC; Scene One Gilford LLC; Scene One Greenville LLC; Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas; Scene One New Canaan, LLC; Scene One Spectrum, LLC; and Scene One Wilton, LLC, the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), dated November 22, 2026, seeking authorization to employ Boyle Legal, LLC, as Bankruptcy Counsel for the Debtor; and upon the Declaration of Michael L. Boyle in support thereof; and upon the exhibits submitted in support of the application; and no objections having been filed, and the Court having considered the merits of the application, it is hereby

**ORDERED**, that the Debtors, Scene One Entertainment, LLC, Bow Tie Management, LLC; BTC Schenectady, LLC; BTC Theater Management LLC; Scene One Entertainment Parks, LLC; Scene One Gilford LLC; Scene One Greenville LLC; Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas; Scene One New Canaan, LLC; Scene One Spectrum, LLC; and Scene One Wilton, LLC, are authorized to retain Boyle Legal, LLC as its Bankruptcy Counsel in this case; and it is further

**ORDERED**, that any payments to Boyle Legal, LLC shall be made only upon proper application to the Court and subject to the approval of the Court.

###