UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Scene One Entertainment, LLC, f/k/a<br>Bow Tie Management LLC, *et al,*[1]<br><br>Debtors. | Chapter 11<br>Case No. 26-11388<br>Lead Case<br>Joint Administration<br>Being Requested<br>Case No. 26-11389<br>Case No. 26-11390<br>Case No. 26-11391<br>Case No. 26-11392<br>Case No. 26-11393<br>Case No. 26-11394<br>Case No. 26-11395<br>Case No. 26-11396<br>Case No. 26-11397 |

EX PARTE APPLICATION TO SHORTEN TIME AND LIMIT NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-5 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(c)

Scene One Entertainment, LLC f/k/a Bow Tie Management LLC ("Scene One"); BTC Schenectady, LLC ("BTC Schenectady"); BTC Theater Management, LLC ("BTC Theater"); Scene One Entertainment Parks, LLC ("Parks"); Scene One Gilford, LLC ("Gilford"); Scene One Greenville, LLC ("Greenville"); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas ("Market Arcade"); Scene One New Canaan, LLC ("New Canaan"); Scene

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and each Debtor's case numbers are: Scene One Entertainment, LLC f/k/a Bow Tie Management LLC (9730, case no. 26-11388); BTC Schenectady, LLC (8547, case no. 26-11389); BTC Theater Management, LLC (7543, case no. 26-11390); Scene One Entertainment Parks, LLC (7786, case no. 26-11391); Scene One Gilford, LLC (9730*, case no. 26-11392); Scene One Greenville, LLC (2654, case no. 26-11393); Scene One Market Arcade, LLC DBA Scene One Market Arcade Cinemas (6830, case no. 26-11394); Scene One New Canaan, LLC (3947, case no. 26-11395); Scene One Spectrum, LLC (1526, case no. 26-11396); and Scene One Wilton, LLC (3876, case no. 26-11397).

*Upon information and belief, Scene One Gilford operated for approximately two years as a d/b/a of Scene One Entertainment, LLC. Scene One Gilford, LLC was formed on or around March 3, 2026. Debtors do not believe a separate EIN was ever procured for Scene One Gilford, LLC.

One Spectrum, LLC ("Spectrum"); and Scene One Wilton, LLC ("Wilton"), the above-captioned Debtors and Debtors-in-Possession (collectively, the "Debtors"), by and through their proposed attorneys, Boyle Legal, LLC (Michael L. Boyle, of counsel) respectfully apply to this Court ex parte for an order pursuant to Local Bankruptcy Rule 9013-5 and Federal Rule of Bankruptcy Procedure 9006(c), allowing for the hearing on the Debtors' First Day Motions (hereinafter, the "First Day Motions") to be heard on a shortened notice period, setting the hearing for the said Motion to Tuesday, November 24, 2026, at 10:30a.m., or to such other date as the Court deems proper, and in support thereof, the Debtor respectfully shows the Court as follows:

1. I am the principal of Boyle Legal, LLC, Counsel for Debtor in the above-captioned matter.

2. This affirmation is made in support of a motion for an order shortening time pursuant to Local Bankruptcy Rule 9013-5 and F.R.B.P. 9006(c) to move this Court for Entry of Orders in connection with the following First Day Motions:

a. Motion for Substantive Consolidation or alternatively Joint Administration (Docket No. 3);
b. Motion for Turnover of Assets (Docket No. 4)
c. Motion to Utilize Cash Collateral (Docket No. 5);
d. Motion to Pay Critical Vendors (Docket No. 6)
e. Motion of Debtor Authorizing Payment of Prepetition Wage Claims (Docket No. 7);
f. Motion to Maintain Bank Accounts (Docket No. 8)
g. Motion to Establish Procedures to Reject Executory Contracts (Docket

No. 9)

h. Motion Extending the Time to File Schedules of Assets and Liabilities (Docket No. 10)

i. Motion to Waive Separate Creditor Lists (Docket No. 11)

collectively, the "Motions".

3. The Declaration of Joseph Masher in Support of First Day Relief and Petition is incorporated herein by reference.

4. Debtor respectfully request that the Motions be heard on Tuesday, November 24, 2026, at 10:30a.m, or to such other date as the Court deems proper.

5. Debtors are movie theater entities and Thanksgiving Weekend is historically the single largest revenue weekend for cinemas in the Country. The relief sought herein is immediately necessary to ensure Debtors are able to continue operations as an ongoing concern and maximize revenues for the benefit of the Bankruptcy Estate.

6. Should the Court grant Debtors' Motion to Shorten Time, I respectfully propose serving a copy of the Order Shortening Time, the Declaration of Joseph Masher, and the Motions upon the (a) the United States Trustee and the Subchapter V Trustee by e-mail/ECF and (b) the Twenty Largest General Unsecured Creditor Matrix by overnight mail pursuant to F.R.B.P. 7004; and (c) the remainder of the Creditor Matrix by first class mail pursuant to F.R.B.P. 7004 by November 23, 2026. Objections, if any, would be accepted at the hearing.

7. It is respectfully submitted that service upon the parties as set forth herein is in compliance with the provisions of the relevant Bankruptcy Rules and is adequate and sufficient under the circumstances.

8. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure authorizes this Court

to reduce the notice period of certain motions, in its discretion, for cause shown.

9. It is respectfully submitted that cause exists in this instance to shorten the notice time for Debtors' Motions.

10. As described in further detail in the Motion, the relief requested in the Motion concerns critical business activities of the Debtor, whereby the Debtor requires authorization of this Court in order to perform same.

11. The relief that the Debtors seek in their Motion is immediately necessary in order for the Debtors to be able to continue to protect and preserve the operations of their business, and preserve the value of their estates. The Debtors respectfully request that the Court waive the notice requirements imposed by Bankruptcy Rule 6004(a) and the fourteen day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the relief sought herein justifies immediate relief.

12. To the extent that any aspect of the relief sought within the First Day Motions constitutes a use of property under Bankruptcy Code section 363(b), the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay under Bankruptcy Rule 6004(h), to the extent applicable. *See* Fed. R. Bankr. P. 6004(a), (h).

WHEREFORE, the Debtors respectfully request that this Court issue an Order Shortening Time Local Bankruptcy Rule 9013-5 and Federal Rule of Bankruptcy Procedure 9006(c) and granting such other and further relief as this Court deems just and proper.

Dated: Troy, New York
November 22, 2026

**BOYLE LEGAL, LLC**

/s/ Michael L. Boyle
Michael L. Boyle (BR#519211)
*Proposed Attorney for the Debtor and Debtor-in-Possession*
64 2nd Street
Troy, NY 12180
518-407-3121
mike@boylebankruptcy.com